UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JOSEPH W. GILBERT and BETTY GILBERT,

                        Plaintiffs,

      v.                              1:09-cv-962

AGCO CORPORATION, et al.,

                        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## DECISION and ORDER

       Plaintiff commenced the instant action in state court seeking to recover for personal injuries alleged to have been sustained from the exposure to asbestos. Defendant Detroit Corporation ("DDC") removed the claim against it to this Court pursuant to 28 U.S.C. § 1452(a). Presently before the Court is Plaintiff's motion to remand on the grounds that: (1) the removal was untimely; and (2) the Court lacks "related to" jurisdiction.

**I.**      **BACKGROUND**

       The Detroit Diesel Division of General Motors was founded in 1938. In 1970, the Detroit Diesel Division and the Allison Division of GM merged to form the Detroit Diesel-Allison Division of GM. These divisions manufactured Detroit Diesel engines. Plaintiff worked with or around Detroit Diesel engines from 1966 through 1975.

       On January 1, 1988, certain of these assets (but none of the liabilities) of the Detroit Diesel-Allison Division of GM were sold to a joint venture between GM and the Penske Corporation. This joint venture became Defendant DDC. Originally, Penske owned

60% of DDC and GM owned 40%. In 1989, Penske became owner of 80% of DDC. In 1998, Daimler-Benz purchased the remaining 20% of DDC. In 2000, Daimler Chrysler acquired the remaining 80% of DDC. Thus, at all times relevant to Plaintiff's injury, Defendant DDC was not in existence.

At the time of the creation of DDC, GM and DDC entered into an indemnification agreement whereby GM agreed to:

> Indemnify, defend and hold harmless Detroit Diesel and its successors and assigns, after the Closing, from and against all demands, claims, actions or causes of actions, assessments, losses, damages, liabilities, costs and expenses, . . . asserted against, resulting to, imposed upon, or incurred by Detroit Diesel or its successors or assigns, directly or indirectly, by reason of, resulting from or in connection with (A) liabilities or obligations of, or claims against General Motors . . . existing as of the Closing or arising out of the facts or circumstances existing at or prior thereto . . . whether or not such liabilities or obligations were known at the time of the Closing.

In February 2008, Plaintiffs commenced a state court personal injury action alleging injuries as the result of exposure to asbestos. In August 2008, the state court complaint was amended to include claims against Defendant Detroit Corporation ("DDC"), individually and as a subsidiary of General Motors, Corp. ("GM"). On June 1, 2009, GM filed for bankruptcy protection in the United States Bankruptcy Court, Southern District of New York. On August 26, 2009, eighty-seven days after the bankruptcy filing, DDC filed a notice of removal in this Court pursuant to 28 U.S.C. § 1452(a)[1] and Bankruptcy Rule 9027(a)(2). Plaintiff now moves to remand this matter on the ground that the removal was untimely and the Court lacks subject matter jurisdiction.

---

[1] Generally speaking, § 1452(a) permits any claim or cause of action in a civil proceeding to be removed to the district court if the district court has bankruptcy jurisdiction over such claim or cause of action under 28 U.S.C. § 1334.

The initial issue in this case is whether the motion for removal had to be made within the ninety days allowed by Bankruptcy Rule 9027(a)(2), or the thirty days contained in 28 U.S.C. § 1446(b) (the procedure generally applicable to removals). This Court agrees with the majority rule, as stated in Judge Gerling's analysis in In re Boyer, 108 B.R. 19, 24 (Bankr. N.D.N.Y. 1988), that "[t]he absence of any alteration to Fed. R. Bankr. P. 9027 when § 1452 was enacted and the subsequent 1987 amendments to conform to § 1452 firmly settle the former's status as the bankruptcy removal rule and put to rest any confusion or conflict that might have existed between the statute and the rule." See also In re Aztec Indus., Inc., 84 B.R. 464, 469 (Bankr. N.D. OH. 1987); GSL of ILL, LLC v. Pitt Penn Oil Co., LLC, 2009 WL 1691815 (W.D. Pa. June 17, 2009). Thus, removals pursuant to § 1452 continue to be covered by the times set forth in Bankruptcy Rule 9027. Because DDC's removal was filed within ninety days, it is timely.

The second issue is whether this Court has subject matter jurisdiction. Plaintiffs contend that this Court does not have jurisdiction because the case against DDC is not related to the bankruptcy proceedings. DDC responds that the Court does have jurisdiction because: (1) Plaintiff's injuries occurred during a time when DDC was a division of GM; (2) GM, which is in bankruptcy, agreed to indemnify DDC; and (3) the claims against DDC are intimately intertwined with GM such that GM is the real party in interest. According to DDC, these facts demonstrate that Plaintiff's claim may ultimately lead to a direct claim on liability insurance in GM's bankruptcy estate and, therefore, affect the bankruptcy proceedings.

Whether the Court has subject matter jurisdiction over Plaintiff's claims depends on whether it has "related to" jurisdiction. Pursuant to 28 U.S.C. § 1334, "the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or

arising in or related to cases under title 11 [of the bankruptcy code]." "The test for determining whether litigation has a significant connection with a pending bankruptcy proceeding is whether its outcome might have any 'conceivable effect' on the bankrupt estate. If that question is answered affirmatively, the litigation falls within the 'related to' jurisdiction of the bankruptcy court." In re Cuyahoga Equip. Co., 980 F.2d 110, 114 (2d Cir. 1992). "In determining whether potential claims by third party defendants against the debtor for either indemnification or contribution give rise to 'related to' jurisdiction over litigation to which the debtor is not a party, courts in this circuit . . . have generally found jurisdiction where there is a 'reasonable' legal basis for the claim." In re Worldcom, Inc. Securities Litigation, 293 B.R. 308 (S.D.N.Y. 2003); see also Kocher v. Dow Chem. Co., 132 F.3d 1225, 1230-31 (8th Cir. 1997); In re River Center Holdings, LLC, 288 B.R. 59, 65 (S.D.N.Y. 2003). "This is because indemnity claims against a debtor have a conceivable effect on the amount of money that creditors may ultimately recover in the bankruptcy action." Buffets, Inc. v. LGI Energy Solutions, Inc., 2009 WL 2929436, at *3 (D. Minn. 2009). "If the obligation of the debtor to indemnify is 'contractual and absolute,' courts have held that the third party litigation is related to the bankruptcy case. Indeed, even if the obligation is not contractual and absolute, 'related to' jurisdiction exists if the disputed or conditional indemnity claim has a 'reasonable legal basis.'" In re River Center Holdings, 288 B.R. at 65 (quoting Masterwear Corp. v. Rubin Baum Levin Constant & Friedman, 241 B.R. 511, (Bankr. S.D.N.Y. 1999)).

Here, there is a contractual indemnification provision whereby the debtor, GM, likely will be obligated to indemnify DDC for any liability that it incurs as a result of any asbestos exposure. This is because DDC was not in existence at the time of Plaintiff's alleged exposure to asbestos and is a Defendant in the personal injury action primarily because it is

a successor to the Detroit Diesel Division, the Allison Division, and the Detroit Diesel-Allison Division, which entities were subsidiaries of the Debtor, GM.  The existence of the contractual indemnification provision together with the facts concerning when Plaintiff's claim arose supply a "reasonable basis" for a claim for indemnification.  The fact that the Bankruptcy Court determined that DDC is not entitled to the benefit of the automatic stay is irrelevant to whether this Court has related to jurisdiction.

For the foregoing reasons, the Court finds that it has related to jurisdiction over Plaintiff's claims against DDC.  Plaintiff's motion to remand is DENIED.

IT IS SO ORDERED.

Dated: October 30, 2009

Thomas J. McAvoy
Senior, U.S. District Judge