UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JOSEPH W. GILBERT and BETTY GILBERT,

                                 Plaintiffs,

       v.                                     1:09-cv-962

AGCO CORPORATION, et al.,

                                 Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## DECISION and ORDER

       Plaintiffs commenced the instant action in state court seeking to recover for personal injuries alleged to have been sustained from the exposure to asbestos. Defendant Detroit Corporation ("DDC") removed the claim against it to this Court pursuant to 28 U.S.C. § 1452(a). Presently before the Court is Plaintiff's motion to remand pursuant to 28 U.S.C. § 1334(c)(1) and/or for reconsideration of the Court's prior order denying the motion to remand.

       Plaintiffs' motion for reconsideration must be denied because they have failed to demonstrate an intervening change in controlling law, the availability of new evidence not previously available, or the need to correct a clear error of law or prevent manifest injustice. As Defendant points out, the arguments asserted by Plaintiffs in connection with their instant motion was available to them when they first moved to remand. The fact that a court in California may agree with their new argument is not a basis for reconsideration.

       Turning to the independent motion pursuant to 28 U.S.C. § 1334(c), the Court finds that remand is appropriate. That section permits a district court to abstain from hearing a

particular proceeding arising under title 11 or arising in or related to a case under title 11 "in the interests of justice." Courts consider the following factors in determining whether permissive abstention is appropriate:

> (1) the effect or lack thereof on the efficient administration of the estate if a court recommends abstention; (2) the extent to which state law issues predominate over bankruptcy issues; (3) the difficulty or unsettled nature of the applicable state law; (4) the presence of a related proceeding commenced in state court or other non-bankruptcy court; (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334; (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case; (7) the substance rather than the form of an asserted 'core' proceeding; (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court; (9) the burden of the court's docket; (10) the likelihood that the commencement of the proceeding in a bankruptcy court involves forum shopping by one of the parties; (11) the existence of a right to a jury trial; and (12) the presence in the proceeding of non-debtor parties.

In re Wider, 2009 WL 4345411, at *2 (Bankr. E.D.N.Y. 2009).

This Court previously determined that removal was appropriate because the claims asserted by Plaintiffs were related to the bankruptcy proceedings against GM. While that finding provided a legal basis for jurisdiction in this Court, equitable factors strongly weigh in favor of remand. These factors include that: (1) neither party contends that the instant matter is a core proceeding; (2) the bankruptcy court has previously determined that the asbestos claims are not likely to have any significant impact on the debtor's estate, (3) Plaintiffs have only asserted state law causes of action; (4) state law issues predominate in this litigation; (5) related proceedings are ongoing in state court (upon removal, the claim against Defendant was severed from the claims against other co-Defendants that continue to proceed in state court); (6) requiring Plaintiff to litigate the same case in two different courts would be prejudicial and a waste of judicial resources; (7) there is no jurisdictional basis in this Court other than the related to jurisdiction of 28 U.S.C. § 1334(b); (8) the issues in this

case are removed from the proceedings in the main bankruptcy case; and (9) Plaintiffs would be entitled to a jury trial in state court.[1]  Although Plaintiff should have made these arguments together with their initial motion for remand, considerations of equity weigh in favor of remand.

For the foregoing reasons, Plaintiffs' motion for reconsideration is DENIED and their motion to remand is GRANTED.

IT IS SO ORDERED.

Dated: December 16, 2009

_Thomas J. McAvoy_
Thomas J. McAvoy
Senior, U.S. District Judge

---

[1]